# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HERMAN LEWIS** | * | **CIVIL NO.  2:23-cv-992** |
| | * | |
| | * | **SECTION T(4)** |
| **VERSUS** | * | |
| | * | **JUDGE GREG GERARD GUIDRY** |
| | * | |
| **WALMART, INC. AND** | * | **MAGISTRATE JUDGE KAREN** |
| **JOHN DOE** | * | **WELLS ROBY** |
| | * | |
| | * | |
| | * | |

\* \*  \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


## <u>ORDER AND REASONS</u>

The Court has before it Plaintiff Herman Lewis's Motion to Remand. R. Doc. 12. Defendant Walmart, Inc. ("Walmart") has responded in opposition. R. Doc. 14. Having considered the parties' briefing and the applicable law and facts, the Court will DENY Plaintiff's motion.

## I.      BACKGROUND

This case arises from a slip and fall accident on June 27, 2021, at a Walmart store in Harvey, Louisiana. R. Doc. 1-1 at 2. Plaintiff alleges that, while shopping in the store, he slipped in a puddle of a liquid substance that was leaking from the ceiling and fell, sustaining severe and debilitating injuries. *Id.* Plaintiff filed this suit in the 24th Judicial District Court for the Parish of Jefferson, Louisiana, before it was removed to this Court by Walmart under diversity jurisdiction on March 21, 2023. R. Doc. 1; *see also* 28 U.S. Code § 1332.

1

After removal, on March 22, 2023, the Court ordered Walmart, as the removing party, to file within 14 days "(1) A list of all parties still remaining in this action; (2) Copies of all pleadings, including answers, filed by those parties in state court; and (3) Copies of the return on service of process on those parties filed in state court." R. Doc. 4. Walmart missed that deadline, but it did file the required documents on May 17, 2023. R. Doc. 9. On July 12, 2023, Plaintiff filed the instant motion to remand. R. Doc. 12. Plaintiff seeks the return of his suit back to state court, arguing that remand is required because Walmart (1) failed to comply with the Court's directive by the deadline; (2) waived its right to remove by filing an answer in state court, and; (3) failed to show that the amount in controversy in this case exceeds $75,000 as required by 28 U.S.C § 1332(a). *Id.* at 2–3.

## II.     DISCUSSION AND ANALYSIS

As an initial matter, Plaintiff's motion to remand was filed 113 days after Walmart filed its notice of remand. R. Docs. 1; 12. 28 U.S.C. § 1447(c) provides that "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Accordingly, "any defect in removal that does not go to the issue of whether the case originally could have been brought in federal district court is considered procedural" and cannot be a basis for remand if not raised within 30 days of removal. *Dix v. Pinnacle Entertainment, Inc.*, 2023 WL 1962394 (E.D. La. Feb. 13, 2023) (quoting *Baris v. Sulpicio Lines, Inc.*, 932 F. 2d 1540, 1544 (5th Cir. 1991)) (internal quotations removed).

Here, all of the defects Plaintiff asserts are procedural. "Failure to file the require state court papers is a procedural defect that courts permit the removing party to cure."[1] *Khalil v. Exxon*, 2023 WL 2770128, at *2 (E.D. La. Apr. 4, 2023) (citations omitted). Whether Walmart's filing of an answer in the state court proceeding before removal can constitute a waiver of the right to remove, this too is a procedural defect and cannot be raised over 30 days after removal.[2] Finally, if Plaintiff were arguing that the amount in controversy in this case does not in fact meet the $75,000 requirement, such an argument would go the issue of this Court's subject matter jurisdiction over this suit, and thus would not be a mere procedural defect. *See* 28 U.S.C § 1332(a). However, Plaintiff argues only that Walmart's notice of removal did not adequately show that the amount in controversy meets that requirement.[3] This argument, too, addresses a procedural defect and is thus untimely raised under 28 U.S.C. § 1447(c).

In sum, Plaintiff has failed to raise any challenges to this Court's subject matter jurisdiction. Further, the procedural defects in Walmart's removal that Plaintiff does allege are untimely raised and cannot form a basis for this Court to remand. Therefore, Plaintiff's motion must be denied.

---

[1] Walmart had already cured this procedural defect before Plaintiff filed the instant motion to remand by its late filing of the required papers. *See* R. Doc. 9. However, even if Walmart had not cured that defect to this day, it would still be a mere procedural defect and not a basis for this Court to grant Plaintiff's untimely motion to remand.

[2] However, the Court notes that waiver of the right to remove must be "clear and unequivocal." *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004), *cert. denied*, 543 U.S. 1187 (2005). Additionally, other courts have held that "[t]he filing of an answer in state court does not evince an intent to litigate the matter there, but only that the filing party wishes to avoid a default judgment[,]" and therefore cannot be construed as a clear and unequivocal waiver of the right to remove. *Maxwell v. IASIS Glenwood Reg'l Med. Ctr.*, 2015 WL 2452431, at *2 (W.D. La. May 21, 2015).

[3] The Court notes, too, that if Plaintiff were to stipulate that the amount in controversy in this matter is less than $75,000, that stipulation would divest this Court of subject matter jurisdiction, requiring remand. But here Plaintiff seemingly attempts to "have his cake and eat it, too" by arguing only that Walmart did not carry its burden to show the amount in controversy is met and seeking remand on that basis, without binding himself to a stipulation that would limit his potential recovery.

### III.     CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc.

12, is **DENIED.**

New Orleans, Louisiana, this 3rd day of October, 2023.


_____
Greg Gerard Guidry
United States District Judge